UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STATE OF TENNESSEE, on a relationship of Philip Reagan, and PHILIP REAGAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:15-cv-536-PLR-HBG ) |
| KNOX COUNTY, TENNESSEE, *et al.*, | ) ) |
| Defendants. | ) |

# ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion for Order on Discovery and Response to Plaintiff's Rule 26(f) Status Report [Doc. 36], and the Plaintiff's Response [Doc. 42], objecting to the Motion. The parties appeared before the Court for a motion hearing on June 9, 2016. Attorney Houston Havasy was present on behalf of the Plaintiff, and Attorneys David Wigler and Amanda Morse were present on behalf of the Defendants. For the reasons more fully explained below, the Court hereby **GRANTS IN PART AND DENIES IN PART** [Doc. 36] Defendants' Motion.

The Defendants' Motion requests that the Court enter a specific order, outlined in their Motion, requiring the parties to conduct joint discovery in the state and federal case. The Defendants submit that Plaintiff filed a separate lawsuit in Knox County Circuit Court against the same Defendants and it arises from the same set of operative facts as the instant matter. The Defendants assert that they want to avoid any unnecessary duplication of discovery. At the

hearing, the Defendants argued that depositions had been scheduled for June 28, 2016, and they did not want any depositions to be duplicated.

The Plaintiff argues that the Defendants failed to follow the procedures in Federal Rule of Civil Procedure 26(c) or the procedures outlined in the Scheduling Order before filing their Motion. In addition, the Plaintiff submits that the state discovery rules are "materially different" from the federal discovery rules and that this issue is premature because the Plaintiff has not propounded discovery upon any Defendant in this case.

After considering the filings in this case and the parties' oral arguments, the Court finds the Defendants' request well-taken. Discovery materials developed in preparation of state court proceedings may be used in the related federal court case and vice versa. Generally, the scope of admissibility is within the discretion of the trial judge. The state and federal rules of procedure and evidence, despite some differences, generally are compatible enough to allow fair and reasonable and cost effective discovery to be taken for use in both cases. Exceptions can be addressed by the respective Court, as needed. Duplication of discovery, especially the duplication of depositions, is an unnecessary expense to all parties and should be avoided. Moreover, sharing of discovery will better serve the convenience of the parties and witnesses.

If a dispute arises during a deposition, the party objecting may choose to pursue the objection in state or federal court, depending on the law applicable to the issue. With respect to the Plaintiff's deposition, if Mr. Moncier raises an objection, the parties shall resort to the state court for guidance and/or a ruling. If Attorney Havesy raises an objection, the parties may resort to federal court. If Defendants raise an objection to Mr. Moncier's line of questioning, then the parties shall resort to state court. If the objection is to Attorney Havesy's line of questioning, then the parties may resort to federal court. Accordingly, Defendants' Motion for Order on

Discovery and Response to Plaintiff's Rule 26(f) Status Report [**Doc. 36**] is **GRANTED IN PART AND DENIED IN PART**. The Court declines to enter the order submitted by the Defendants, but the Court will **ORDER** as follows:

> 1. Each party may submit discovery under the caption of the state case, the federal case, or both.
>
> 2. Discovery taken in the caption of the state court case will not be objectionable in the federal case on the basis that it was taken in the state court case.
>
> 3. Discovery taken by Mr. Moncier in the state case will not be objectionable if offered in evidence in this case on the basis that Mr. Moncier is not admitted to practice in this Court.
>
> 4. Discovery taken in the state court case will not be duplicated in this case.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge